IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROL DE CASAL )
)
v. ) NO. 3:14-2000
)
NATIONSTAR MORTGAGE, LLC, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

By Order entered March 25, 2014 (Docket Entry No. 7), this *pro se* action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. § § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 12) filed by Defendant Nationstar Mortgage LLC, to which Plaintiff has not responded.[1] For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

Plaintiff, a resident of Tennessee, filed this action *pro se* on October 21, 2014, naming as defendants Nationstar Mortgage LLC ("Nationstar"), "Rhonda Bundy as Trustee for Mortgage

---

[1] By Order entered June 17, 2015 (Docket Entry No. 29), Plaintiff was notified of the motion and given a deadline of August 14, 2015, to file a response.

Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." ("MERS"), and "John Does 1-10." *See* Complaint (Docket Entry No. 1). Plaintiff alleges that the Defendants have deprived her[2] of title and possession to a piece of property located at 231 Green Harbor Road, Unit #81, Old Hickory, Tennessee ("the Property") by attempting to wrongfully foreclose on the Property. Plaintiff brings claims against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Real Estate Settlement and Procedures Act,. 12 U.S.C. §§ 2601 *et seq*. ("RESPA"), as well as claims under state law for wrongful foreclosure and replevin. Plaintiff seeks monetary relief and injunctive relief to "stay foreclosure and eviction process." *Id*.

It appears from the Complaint that, on October 1, 2009, Plaintiff borrowed funds[3] from Primary Residential Mortgage, Inc. ("PRM") pursuant to a note ("Note") and secured by a deed of trust ("Deed of Trust") to the Property. *See* Complaint at 2. Although the Complaint is silent as to whether Plaintiff satisfied her payment obligations under the Note or whether she defaulted on her payment obligations, Plaintiff alleges that, on or about September 21, 2014, Defendants issued to her a notice of a trustee sale scheduled for December 4, 2014. *Id.* at 6.[4] Plaintiff asserts that the Deed of Trust names MERS as the nominee for PRM and that Wilson & Associates was later appointed as a successor trustee but that Nationstar is not a party to the Note or Deed of Trust and

---

[2] The Complaint refers to Plaintiff using both female and male pronouns, as well as plural pronouns. *See for example* Complaint at 10. Nonetheless, the Court will use a singular, female pronoun to refer to Plaintiff.

[3] $184,481.00 appears to be the amount of indebtedness in the Note. *See* Docket Entry No. 23 at 2.

[4] Plaintiff offers contradictory allegations regarding the foreclosure sale. Plaintiff alleges both that the foreclosure sale was not scheduled to occur until December 4, 2014, and that the foreclosure sale "was completed and now the defendants or its agents are seeking to take possession." *See* Complaint at 10, ¶ F.

has no legal interest in the Property that would permit it to pursue a foreclosure. *Id.* at 2-3. In support of her contention, Plaintiff includes two pages of arguments regarding a "pooling and servicing agreement" and further argues that:

1. Nationstar failed to meet notice requirements for the foreclosure;

2. Nationstar is not the mortgagee of record;

3. Nationstar was not given "power of sale;"

4. Nationstar does not hold the Note and Deed of Trust;

5. The Note is non-negotiable because it contains provisions beyond the promise to pay;

6. The note was not transferred as required by law;

7. The Note and Deed of Trust were bifurcated;

8. Nationstar violated RESPA and the FDCPA;

9. The Note does not contain Plaintiff's signature and has been substantially altered;

10. The "pooling and service agreement" was never assigned.

*See* Complaint at 6-7. In addition to disputing Nationstar's right to pursue a foreclosure, Plaintiff also contends that Nationstar is a debt collector that has violated Sections 1692e(4) & (5) and 1692g(a) & (b) of the FDCPA by taking unlawful actions in an attempt to collect upon the Note. *Id.* at 9-11. Plaintiff finally contends that Nationstar violated Sections 2605(e) and (k) of RESPA by failing to properly respond to her qualified written request for validation. *Id.* at 11-13.

On January 20, 2015, Nationstar filed its answer (Docket Entry No 13). No other defendant has been served with process in the action. On February 3, 2015, a scheduling order (Docket Entry No. 14) was entered providing deadlines for pretrial activity. By Order entered June 17, 2015 (Docket Entry No. 29), the Court granted Plaintiff's motion to amend (Docket Entry No. 17) to the

extent that Plaintiff sought to make additional factual allegations supporting her FDCPA claim.[5] However, the Court declined to file the proposed amended complaint because 1) it was not signed by Plaintiff, and 2) it was not in a form that could be readily deciphered. The Court gave Plaintiff a deadline of July 3, 2015, to file a signed amended complaint that completely supplanted and replaced her original complaint. To date, Plaintiff has not filed an amended complaint as directed by the Court. Accordingly, the original complaint is the only pleading in this action.

By its motion, Nationstar seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Nationstar asserts that the lender to the Note is PRM "and its sucessors and assigns." Nationstar asserts that the Note was secured by a properly recorded Deed of Trust to the Property that names MERS as the beneficiary of the Deed of Trust solely as the nominee of the lender, along with the lender's successors and assigns, and that allows for all the Deed of Trust's provisions to bind and benefit the successors and assigns of lender and borrower. Nationstar asserts that, on July 23, 2014, MERS, as the nominee for PRM, executed a Corporate Assignment of the Deed of Trust ("Assignment"), assigning the Deed of Trust "with all interest secured" to Nationstar and that the Assignment was recorded on July 24, 2014 in the Office of the Register of Deeds in Wilson County. On September 24, 2014, Nationstar initiated foreclosure proceedings, pursuant to the terms of the Deed of Trust, and appointed Wilson and Associates, PLLC as the successor trustee, as recorded on October 6, 2014, in the Office of the Register of Deeds in Wilson County. Nationstar asserts that a Notice of the Trustee's Sale thereafter appeared in a newspaper distributed in Wilson County on three occasions: September 26, 2014, October 3, 2014 and October 10, 2014.

---

[5] By the same Order, the Court denied Plaintiff's second motion to amend (Docket Entry No. 19) as untimely.

Nationstar argues that Plaintiff's theory that Nationstar lacks standing to foreclose is contradicted by the terms of the Deed of Trust and Note and is not supported by Tennessee law. Nationstar also argues that Plaintiff's remaining state and federal law claims are not supported by factual allegations that are sufficient to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In support of its motion, Nationstar submits a copy of the Note (Docket Entry No. 22-1), the Deed of Trust (Docket Entry No. 22-2), a corporate assignment of the Deed of Trust from MERS to Nationstar, dated July 23, 2014 (Docket Entry No. 22-3), an appointment of successor trustee from Nationstar to Wilson & Associates, dated September 24, 2014 (Docket Entry No. 22-4), and a proof of publication (Docket Entry No. 22-5).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard of review applicable to a motion to dismiss brought under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Under this standard, the Court must take "all well-pleaded material allegations of the pleadings" as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). The Court must also provide a liberal construction to the pleadings of a *pro se* plaintiff. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

Plaintiff's pleadings must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The well pleaded factual allegations must be sufficient to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. CONCLUSION

In her Complaint, Plaintiff references certain documents as attachments or exhibits to the complaint. However, Plaintiff did not file any attachments or exhibits in conjunction with the Complaint. In reviewing Nationstar's motion for judgment on the pleadings, the Court has not excluded from consideration the various documents submitted by Nationstar because these documents provide essential facts underlying Plaintiff's allegations and the documents relate to the Note, Deed of Trust, assignment, and foreclosure that are referenced in Plaintiff's Complaint and are central to her claims. *See Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014) (a court may consider any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim.); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012).

After review of Nationstar's motion and the Complaint, the Court finds that the motion should be granted in part and denied in part.

A. State law claims that Nationstar cannot pursue foreclosure on the Property

Plaintiff's attack on Nationstar's legal right to pursue a foreclosure warrants dismissal. Plaintiff contends that Nationstar does not have a legal interest in the Property and, thus, had no right to initiate a foreclosure on the Property. As support, Plaintiff sets forth the various arguments identified *supra* at 3. None of these arguments have merit. It is noteworthy that absent from Plaintiff's arguments is any assertion by her that she is not in default on her loan obligations.

The Deed of Trust was assigned to Nationstar through a recorded assignment from MERS, who acted as the nominee of the lender in accordance with the terms of the Deed of Trust. Courts have consistently approved the ability of MERS, when designated as the nominee and beneficiary under a deed of trust, to assign the deed of trust to another, who may then act to enforce the provisions of the deed of trust. See *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749-50 (6th Cir. 2014); *Dauenhauer v. Bank of New York Mellon*, 562 Fed. App'x 473, 479 (6th Cir. April 15, 2014); *EverBank v. Henson*, 2015 WL 129081, *4-5 (Tenn. Ct. App. Jan. 9, 2015). Further, securitization of the Note and Deed of Trust[6] neither severs the Note from the Deed of Trust nor alters Plaintiff's obligation to repay the loan. *Thompson*, 773 F.3d at 749. In Tennessee, promissory notes are generally negotiable, can be enforced by subsequent assignees, and are enforceable regardless of whether they are recorded. 773 F.3d at 749. Additionally, a note such as the one at issue does not

---

[6] Plaintiff insinuates in the Complaint that the Note and Deed of Trust were part of a residential mortgage backed securitized trust that was subject to a pooling and servicing agreement, *see* Complaint at 3-5 and 6-7, but has not set forth facts supporting this insinuation.

become non-negotiable because of its inclusion of provisions such as the ones referenced by Plaintiff. *See Thornley v. U.S. Bank, N.A.*, 2015 WL 3989380, *6 n.6 (Tenn. Ct. App. June 30, 2015). Courts have also consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with pooling and servicing agreement provisions. *See Dauenhauer*, 562 Fed.App'x at 480. Plaintiff's various arguments that Nationstar had no legal right to initiate a foreclosure on the Property do not differ in any significant regard from those arguments rejected in *Thompson* and *Dauenhauer*. Furthermore, Plaintiff has offered no response rebutting Nationstar's legal arguments for dismissal of her common law claims.

In accordance with the terms of the Deed of Trust, Nationstar invoked the power of sale and initiated a foreclosure on the property. *See* Docket Entry No. 22-2 at 1 and 7. Having received an assignment of the Deed of Trust from MERS, Nationstar was entitled to pursue the right to foreclose upon the Property. *See Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 840 (6th Cir. Sept. 2, 2015); *Malone v. Bank of New York Mellon*, 2013 WL 4508709, *4 (M.D. Tenn. Aug. 23, 2013) (Haynes, J.); *Aurora Loan Servs., LLC v. Woody*, 2014 WL 7463032, at *10 (Tenn. Ct. App. Dec. 30, 2014). Plaintiff contends that Defendant Nationstar failed to meet notice requirements prior to seeking foreclosure. Assuming that Plaintiff's allegations are intended to assert that Defendant failed to comply with the statutory advertisement requirement of Tenn. Code. Ann. § 35-5-101, the notice requirements for foreclosure were met, *See* Docket Entry No. 22-5, and Plaintiff's contention fails to support a claim for relief. *See Peoples v. Bank of Am.*, 2012 WL 601777, *5 (W.D. Tenn. Feb. 22, 2012).

Plaintiff alleges that "after close examination of the purported note exhibited by the foreclosing party, plaintiff has concluded that it does not contain her signature and that the document

8

has been substantially altered, notwithstanding the fact that it cannot be authenticated." *See* Complaint at 7. On its face, this allegation is startling. However, Plaintiff's complaint fails to provide any additional or specific details of the nature of the alleged forgery or alteration, and more importantly, Plaintiff does not actually contend the Note or Deed of Trust were not the documents executed by her. Indeed, she specifically asserts that she executed the Deed of Trust and the Note. *See* Complaint at 9 and 16. At no point does Plaintiff contend that she did not borrow money pursuant to the Note in order to purchase the Property, that she did not agree to the Note, or that the Note was not secured by the Deed of Trust to the Property, which she also executed. For all of these reasons, it is not clear to the Court how this allegation supports Plaintiff's claim that Nationstar cannot pursue a foreclosure on the Property.

Plaintiff has provided no legal support for the contention that the alleged violations of the FDCPA and RESPA by Nationstar provide grounds for negating Nationstar's ability to pursue a foreclosure on the Property.

B. FDCPA Claim

Nationstar's only argument for dismissal of Plaintiff's FDCPA claim is that Plaintiff has made a "formulaic recitation" of the elements for a FDCPA claim and has failed "to discuss any unique facts allowing for an inference that Nationstar violated the FDCPA." *See* Docket Entry No. 23 at 9.

The Court disagrees. Plaintiff's Complaint is certainly not a model of clarity. However, Plaintiff makes specific allegations of purported unlawful activity under the FDCPA in relation to her situation and the alleged debt collection activity. She also cites to specific provisions of the

9

FDCPA that are alleged to have been violated. Plaintiff's allegations pertaining to the FDCPA are not entirely conclusory and state a plausible claim for relief. Given that Nationstar has not raised any other legal arguments for dismissal of this claim, its motion for judgment on the pleadings does not support dismissal of the FDCPA claim.

C. RESPA Claim

Under RESPA, a loan servicer has certain duties to a borrower's inquiries upon the receipt of a "qualified written request" 12 U.S.C. § 2605(e), and is prohibited from certain actions. 12 U.S.C. § 2605(k). Even if the Court were to construe Plaintiff's minimal factual allegations regarding her RESPA claims as sufficient to show that she sent a qualified written request to Defendant Nationstar and that Nationstar failed to comply with its duties under RESPA, Plaintiff fails to include allegations showing that she suffered any actual damages because of the purported RESPA violations, which is necessary to state a claim for relief under RESPA. *See Hutchens v. Bank of Am. N.A.*, 2012 WL 1618316, *6 (E.D. Tenn. May 9, 2012); *Lee v. EquiFirst Corp.*, 2010 WL 4320714, *9 (M.D. Tenn. Oct.26, 2010) (Trauger, J.).[7] Accordingly, Plaintiff's RESPA claims should be dismissed.

---

[7] Although Plaintiff seeks statutory damages under RESPA, the award of statutory damages can only occur in an action alleging a "pattern or practice" of RESPA violations. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013). Plaintiff's Complaint fails to set forth such allegations.

D. Plaintiff's requests for relief related to the foreclosure

Plaintiff's requests for various forms of relief to stop the foreclosure lack merit and warrant dismissal. Equitable relief is not an available remedy in private actions brought under the FDCPA, *Weiss v. Regal Collections*, 385 F.3d 337, 341 (3d Cir. 2004) (collecting cases), or under RESPA. *Servantes v. Caliber Home Loans, Inc*., 2014 WL 6986414, *1 (E.D. Mich. Dec. 10, 2014). Further, in light of the Court's finding that Plaintiff has not raised a plausible challenge to Nationstar's ability to pursue a non-judicial foreclosure, Plaintiff's request for an injunction to stay the foreclosure also warrants dismissal. Although Plaintiff makes a demand to set aside or vacate the foreclosure sale, *see* Complaint at 13-15, there are no facts before the Court showing that a foreclosure sale has actually occurred. Finally, Plaintiff makes a demand for replevin. *Id*. at 16. However, replevin is an action seeking the recovery of personal property, and Plaintiff has not alleged that Nationstar is in possession of any of Plaintiff's personal property.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for judgment on the pleadings (Docket Entry No. 22) of Defendant Nationstar Mortgage, LLC be;

1) GRANTED with respect to Plaintiff's common law claims and her RESPA claim and that these claims be DISMISSED; and

2) be DENIED as to Plaintiff's claim brought under the Fair Debt Collection Practices Act.

The Court also RECOMMENDS that Defendant "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." and any

"John Doe" defendants be dismissed from this action under Rule 4(m) of the Federal Rules of Civil Procedure because this Defendant has not been served in this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge