UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROL DE CASAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-2000 |
| | ) Judge Sharp |
| NATIONSTAR MORTGAGE, LLC, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Holmes has entered a Report and Recommendation (Docket No. 32) recommending that Defendant Nationstar Mortgage LLC's Motion for Judgment on the Pleadings (Docket No. 22) be granted in part and denied in part. Specifically, she recommends that the Motion be granted with respect to Plaintiff's common law claims and her claim under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, but denied with respect to her Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* claim. Magistrate Judge Holmes also recommends that Defendant "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." and any "John Doe" defendants be dismissed from this action under Rule 4(m) of the Federal Rules of Civil Procedure because those Defendants have not been served.

In response to the R & R, Plaintiff submitted a "Motion to Strike Statements In Defendant's Motion for Judgment on the Pleadings" (Docket No. 36), which is unsigned, and which indicates it was composed "this ___ day of June 2015," even though it was not filed until January 13, 2016. Contemporaneously, Plaintiff filed an "Affidavit in Response to Defendant's Motion" (Docket No.

1

37), but that, too, is unsigned and appears to have been drafted in June 2015 as well.

Plaintiff's filings do not constitute proper objections within the meaning of the Federal Rules of Civil Procedure or this Court's Local Rules. Fed. R. Civ. P. 72(b)(2) provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Local Rule 72.03(b)(1), in turn, provides that any objection "shall state with particularity the specific portions of the Magistrate Judge's report or proposed finding or recommendations to which an objection is made and shall be accompanied by sufficient documentation[.]"

Plaintiff's filings also do not comply with Fed. R. Civ. P. 11. That rule requires: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

The Court recognizes that Plaintiff is proceeding *pro se* and, as such, is entitled to some indulgences. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, "the lenient treatment generally accorded to pro se litigants has limits," Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants," Aug. v. Caruso, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). See also, Looper v. Educ. Credit Mgmt. Corp., 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); Greer v. Home Realty Co. of Memphis Inc., 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules").

The plain language of the rules aside, Plaintiff cannot feign ignorance about the need to file specific objections. In the R & R, Magistrate Judge Holmes instructed the parties that "[a]ny

2

objection . . . must state with particularity the specific portions of this Report and Recommendation to which objection is made," and that a "[f]ailure to file written objections within the specified time can be deemed a waiver of the right to appeal[.]" (Docket No. 32 at 12). See See Valentine v. Searcy, No. 3:11-0048, 2012 WL 370495, at *1 (M.D. Tenn. Feb. 3, 2012) ( "'[I]t is incumbent on litigants, even those proceeding pro se, to follow the ... rules of procedure'" . . . "and most certainly orders of the Court.).

In any event, Plaintiff's Motion to Strike is without merit. It was filed eight months after service of the Motion for Judgment on the Pleading – well beyond the 21 day time limit provided by Fed. R. 12(f)(2). Further, and leaving aside that Fed. R. Civ. P. 12(f) contemplates striking matters from pleadings and are generally disfavored, Branch Banking & Trust Co. v. Fidelity Nat. Title Ins. Co., 2013 WL 6844653, at *5 (M.D. Tenn. Dec.30, 2013) (collecting cases), nothing in the Motion for Judgment on the Pleadings (or accompanying Memorandum) is "redundant, immaterial, impertinent, or scandalous" within the meaning of that rule.

Having considered the record *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the recommended disposition with but one minor exception. The R & R recommends that the claims against Rhonda Bundy (as Trustee) and the John Doe Defendants be dismissed for failure to effect service. However, the Court's review of the record suggests that notice of potential dismissal was not provided to Plaintiff as required by Fed. R. Civ. P. 4(m). While the R & R arguably now serves that purpose, the Court will specifically allow Plaintiff the opportunity to show good cause as to why those Defendants should not be dismissed without prejudice.

Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket No. 32) is hereby ACCEPTED and APPROVED, except that

Plaintiff if hereby provided fourteen (14) days within which to show good cause for the failure to effect service on "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." and any "John Doe" Defendants. Absent good cause shown, the claims against those Defendants will be dismissed without prejudice upon recommendation of Magistrate Judge Holmes;

(2) Defendant Nationstar Mortgage, LLC's Motion for Judgment on the Pleadings (Docket No. 22) is hereby GRANTED with respect to Plaintiff's RESPA claims and her common law claims, but DENIED with respect to Plaintiff's claim under the FDCPA; and

(3) Plaintiff's Motion to Strike Statements in Defendant's Motion for Judgment on the Pleadings" (Docket No. 36) is hereby DENIED.

This case is returned to Magistrate Judge Holmes for further pretrial case management.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE