IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROL DE CASAL )
)
v. ) NO. 3:14-2000
)
NATIONSTAR MORTGAGE, LLC, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 25, 2014 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff, a resident of Tennessee, filed this action *pro se* on October 21, 2014, naming as defendants Nationstar Mortgage LLC ("Nationstar"), "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc.," and "John Does 1-10." *See* Complaint (Docket Entry No. 1). Plaintiff asserts several state and federal claims based upon her belief that Defendants were each involved in some manner in wrongfully attempting to foreclose upon property located at 231 Green Harbor Road, Unit #81, Old Hickory, Tennessee ("the Property").

By Order entered February 17, 2016 (Docket Entry No. 39), the Court: 1) dismissed all claims against Nationstar except for claims brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"); and 2) gave Plaintiff fourteen (14) days within which to show good cause for her failure to effect service of process upon the defendants identified as "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." and "John Does 1-10." *Id*. at 3-4. Plaintiff was specifically advised that, absent a showing of good cause, the claims against these Defendants would be dismissed without prejudice upon the recommendation of the Magistrate Judge. *Id*. at 4.

Although Plaintiff recently filed an unsigned "verified petition to perpetuate testimony" (Docket Entry No. 42) and a "request for leave to amend under Rule 60" (Docket Entry No. 43), neither filing refers to the issue of service of process or is responsive to the Court's directive to Plaintiff to show good cause.

More than one year has passed since summons were issued in this action, and Plaintiff has not shown good cause for her failure to effect service of process upon the unserved Defendants. Rule 4(m) of the Federal Rules of Civil Procedure (in effect at the time of issuance of summons in this action) requires that the defendant be served with process within 120 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time.

Accordingly, the Court respectfully RECOMMENDS that "Rhonda Bundy as Trustee for Mortgage Electronic Registration Systems, Inc. as Nominee for Primary Residential Mortgage Inc." and any "John Doe" Defendants be DISMISSED WITHOUT PREJUDICE in accordance with

Rule 4(m) of the Federal Rules of Civil Procedure (in effect at the time of issuance of summons in this action).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge